**IN THE UNITED STATES DISTRICT COUR**
**FOR THE WESTERN DISTRICT OF NEW YORK**

**Pereira Da  Silva Luciano A- 214-543-659**
_____

> *Petitioner,*



**VERIFIED PETITION FOR WRIT OF**
**HABEAS CORPUS PURSUANT**
**TO 28 U.S.C. § 2241**

**v.**

*Eric H. HOLDER*, Attorney General
of the United States;
*Michael PHILIPS*, Field Office
Director for Detention and Removal,
Buffalo Field Office, Bureau of
Immigration and Customs Enforcement;
Department of Homeland Security;
and *Todd TRYON*, Facility Director,
Buffalo Federal Detention Facility.
_____

Civ. No.: 25 CV 6106

1

**INTRODUCTION**

1. My name is   " **Pereira Da  Silva Luciano A- 214-543-659**" ("Petitioner").

2. Since I have entered the United States, I have been accorded the

following immigration status:   "**February 27,2019**.  Legal Permanent Resident Status"

3. I am currently being detained by the Department of Homeland Security

("DHS") at the Buffalo Federal Detention Facility ("B F D F") in Batavia, New

York. I have  been in immigration detention since approximately, " April 3, 2024."

4. I was served with a  " Notice to Appear ("NTA") on,  ~~April 12, 2021~~".charging

me  with  removability  based  on  my  conviction(s)  for  "c265  §265B(b)  c265  §
15A(b) " (1).

5. As such, I have been subject to mandatory immigration detention for

approximately, "**10, Months** "    while my removal proceedings are pending.

6. Without intervention from this Court, my detention will continue, as my
immigration case is ongoing.

7. When a person has ongoing immigration proceedings, immigration detention

without a bond hearing is considered unreasonably prolonged in violation of the

Due Process Clause of the Fifth Amendment if such detention exceeds six months.

8. DHS has not yet conducted a bond hearing to determine whether my continued
detention is justified.

9. My immigration detention is unreasonably prolonged because I have been

detained for more than six months without a bond hearing, and my detention will
continue without a bond hearing unless this Court grants me relief.

2

10. Once it is established that immigration detention is unreasonably prolonged, the burden shifts to the government to prove by clear and convincing evidence that my continued detention is warranted either because I am dangerous or because I pose a flight risk.

11. Accordingly, I respectfully request that this Court issue a writ of habeas corpus and order the Respondent to release me from their custody because the Respondent cannot establish by clear and convincing evidence that my continued detention is warranted, and continuing to detain me violates my constitutional due process rights under the Fifth Amendment. In the alternative, I respectfully request this Court order a bond hearing where the Respondent bears the burden to prove by clear and convincing evidence that my continued detention is necessary to prevent flight or danger to the community.

**PARTIES**

12. Petitioner,  "Robert Moco"  is detained at Buffalo Federal Detention Facility.

13. Respondent Jeffrey Searls is sued in his official capacity as the Officer-in-Charge of the Buffalo Federal Detention Facility, at which Petitioner is currently detained.

**JURISDICTION AND VENUE**

14. Jurisdiction is proper under the U.S. Constitution, U.S. CONST. art. I § 9, cl. 2 ("Suspension Clause"), and federal statutes 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 2241 (habeas corpus); and 28 U.S.C. § 1651 (All Writs Act).

15. Additionally, this Court has jurisdiction to grant injunctive relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2202.

16. Federal district courts have jurisdiction to hear habeas corpus claims by noncitizens challenging their detention by DHS, see Demore v. Kim, 538 U.S. 510, 516-17 (2003); Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001).

17. Furthermore, while 8 U.S.C. § 1226(e) bars judicial review of the discretionary denial of bond, it does not bar constitutional challenges to the bond hearing process. See, e.g., Medley v. Decker, No. 18-CV-7361 (AJN), 2019 WL 7374408, at *3 (S.D.N.Y. Dec. 11, 2019) (federal district courts have habeas jurisdiction to hear challenges to constitutional adequacy of bond hearin procedures); see also Singh v. Holder, 638 F.3d 1196, 1202 (9th Cir. 2011) ("[C] laims that the [bond] process itself was constitutionally flawed are 'cognizable in federal court on habeas . . . .'") (quoting Gutierrez–Chavez v. INS, 298 F.3d 824, 829 (9th Cir.2002)).

18. Venue is proper in the U.S. District Court for the Western District of New York under

28 U.S.C. § 1391 because the Defendant is in this District; I am currently being detained within this District at the Buffalo Federal Detention Facility in Batavia, New York; and a substantial part of the events giving rise to the claims in this action took place in this District.

## STATUTORY FRAMEWORK

19. Congress has authorized DHS to mandatorily detain noncitizens who are

convicted of certain crimes without the opportunity for a bond hearing. 28 U.S.C.
§ 1226(c).

20. The statute itself is silent on whether DHS is authorized to detain such noncitizens

subject to mandatory detention for the entirety of their removal proceedings, regardless of how

long such proceedings may take. See id.

21. When a person has ongoing immigration proceedings, immigration detention without

a bond hearing is considered unreasonably prolonged in violation of the Due Process Clause of

the Fifth Amendment if such detention exceeds six months. Matos v. Barr, 509

F.Supp.3d 3, 11 (W.D.N.Y. 2020).

### EXHAUSTION OF REMEDIES

22. There is no statutory exhaustion requirement for a petition challenging immigration

detention. *See Araujo-Cortes v. Shanahan*, 35 F. Supp. 3d 533, 538 (S.D.N.Y. 2014).

23. I am not required to exhaust administrative avenues to challenge my detention

because the statutory authority subjects me to mandatory detention and, as such, does

not provide me with any meaningful administrative options with which to challenge my

detention. *See* 8 U.S.C. § 1226(c); *see also Cave v. East Meadow Union Free Sch. Dist.*, 514

F.3d 240, 249 (2d Cir. 2008) ("The exhaustion requirement is excused when exhaustion

would be futile because the administrative procedures do not provide an adequate remedy.") (citing *Honig v. Doe*, 484 U.S. 305, 327 (1988)).

## LEGAL ARGUMENT

**Procedural Due Process Requires that I Be Released or, at Minimum, Afforded a Constitutionally Adequate Bond Hearing at Which the Government Must Justify My Continued Detention**

24. The U.S. Supreme Court's opinion in *Zadvydas v. Davis* stands for the proposition that [f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." 533 U.S. at 690 (citing *Foucha v. Louisiana,* 504 U.S. 71, 80 (1992)). The Fifth Amendment's Due Process Clause forbids the federal government from depriving any "person . . . of . . . liberty . . . without due process of law." U.S. CONST. amend. V. Prolonged detention requires due process protections for individuals, even those whose "presence in this country is unlawful. *Plyler v. Doe,* 457 U.S. 202, 210 (1982). Thus, as the Court noted, "[a] statute permitting indefinite detention of [a noncitizen] would raise a serious constitutional problem." *Zadvydas*, 533 at 690.

25. By subjecting noncitizens like myself to mandatory immigration detention, 8 U.S.C. §1226(c) permits indefinite detention, thus raising the very serious constitutional problem that the Court had cautioned against in *Zadvydas*.

26. Although the Supreme Court ruled in *Demore* that mandatory detention pending removal proceedings is not unconstitutional per se, the Court left open the question of whether the duration of such mandatory detention is subject to constitutional constraints. Such constitutional constraints can be found in the Fifth Amendment of the U.S. Constitution, which, as the Court recognized in *Demore*, "entitles [noncitizens] to due process of law in deportation proceedings." 538 U.S. at 523 (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993)).

6

27. While the Supreme Court held in *Jennings v. Rodriguez*, 583 U.S. ____, 138 S.

Ct. 830 (2018), that § 1226(c) does not require bond hearings in prolonged detention

cases as a matter of statutory construction, it did not express any views on whether the

U.S. Constitution itself requires a bond hearing, leaving it to the lower courts to address

the issue of what process is due when detention is unreasonably prolonged.

**My Detention Has Become Unreasonably Prolonged**

28. In the wake of *Jennings*, the Western District of New York ("WDNY") has developed

a two-step inquiry for evaluating procedural due process challenges to prolonged

immigration detention. *Hemans v. Searls,* No. 18-CV-1154, 2019 WL 955353, at *5

(W.D.N.Y. Feb. 27, 2019).

29. In the first step of the inquiry, the Court considers whether the detention has been

unreasonably prolonged by weighing several distinct factors. *Id.* If the Court finds that

the detention was unreasonably prolonged, it proceeds to step two of the inquiry, which

involves identifying what process is due by considering the factors outlined in

*Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). *Hemans*, 2019 WL 955353, at *5., *see also*

*Hechavarria v. Sessions*, No.15-CV-1058 (LJV), 2018 WL 5776421, at *7-9 (W.D.N.Y.

Nov. 2, 2018). If the government has failed to provide the detained person with the

procedural safeguards dictated by the *Mathews* factors, then the detained person's

continued detention violates procedural due process. *Hechavarria*, 2018 WL 5776421
at *8-9.

30. To determine whether one's immigration detention is unreasonably prolonged,

courts in this district have adopted the following multi-factor test articulated

in *Cabral v. Decker*:

7

> [T]he length of time the petitioner has been detained; (2) the
> party responsible for the delay; (3) whether the petitioner has
> asserted defenses to removal; (4) whether the detention will
> exceed the time the petitioner spent in prison for the crime
> that made him removable; (5) whether the detention facility
> is meaningfully different from a penal institution for
> criminal detention; (6) the nature of the crimes committed
> by the petitioner; and (7) whether the petitioner's detention
> is near conclusion. 331 F. Supp. 3d 255, 261 (S.D.N.Y. 2018).

31. The first factor, the length of immigration detention, is the most important

factor. *Ranchinskiy v. Barr,* 422 F. Supp. 3d 789, 797 (W.D.N.Y. 2019) (quoting *Bermudez*

*Paiz v. Decker,* No. 18-CV-4759 (GHW) (BCM), 2018 WL 6928794, at *13 (S.D.N.Y.

Dec. 27, 2018)).

32. Courts in the Second Circuit have "generally been skeptical of prolonged detention

of removable immigrants, without process, lasting over six months," *Ranchinskiy*, 422 F.

Supp. 3d at 797 (quoting *Lett v. Decker*, 346 F. Supp. 3d 379, 387 (S.D.N.Y. 2018)).

33. Moreover, in *Demore*, the Supreme Court heavily relied on the average length

of detention for people detained under § 1226 as support for its constitutionality,

reasoning that a six-week detention was the average and that a five-month detention

counts as an outlier. 538 U.S. at 530.

34. I have been detained since ,"**April 3, 2024**". and have been detained for over "**10**

**months**". Since the length of my detention exceeds six months, the first factor weighs

in my favor when determining whether my detention has become unreasonably
prolonged.

35. The second factor considered is the question of which party is responsible for the

detention being unreasonably prolonged. *Cabral*, 331 F. Supp. 3d at 261.

36. While a detained person who is found to be "abusing the processes provided

to him" would bear the responsibility of their detention being prolonged, a detained

person who "simply made use of the statutorily permitted appeals process" cannot be made responsible for his prolonged detention. *Hechavarria v. Sessions*, 891 F. 3d 49, 56 n.6 (W.D.N.Y. 2018); *see also Hechavarria*, 2018 WL 5776421 at *7.

37. An immigration judge ordered me deported on "**October 1, 2024**".

38. After being denied relief, I appealed my case to the Board of Immigration Appeals ("BIA") on approximately." **October 29th, 2024**."

39. Factor two weighs in my favor as I have made use of the "statutorily permitted appeals process". *Id.*

40. Factor three weighs in my favor since I have asserted the following defense (s) to my removal:  I filed  application for Cancellation of Removal

41. Factor four do not weighs in my favor because the length of my immigration detention,  "**10 Months**",  do not exceeds  " **7- Months**",  the amount of time I spent in County Jail for the conviction(s) that made me removable.

42. Factor five weighs in my favor because my detention at the BFDF is not meaningfully different from detention at a penal institution because it comprises many of the same restrictions that often accompany penal detention, including restrictions on movement and expectations to follow orders of presiding facility officers. *See Ranchinskiy*, 422 F. Supp. 3d at 799 (finding, absent rebuttal from the government, that detention at the BFDF is akin to criminal incarceration); *Gonzales Garcia v. Barr*, No. 6:19-CV-6327-EAW, 2020 WL 525377, at *15 (W.D.N.Y. Feb. 3, 2020) *enforcement denied on other grounds sub nom. Gonzales Garcia v. Rosen*, 513 F. Supp. 3d 329 (W.D.N.Y. 2021) ("[T]he reality is that the [B. F. D. F] houses [noncitizens] against their will with various restrictions on their freedom of movement. Thus, while perhaps not akin to a

maximum-security prison . . . the facility does not seem meaningfully different from at least a low-security penal institution for criminal detention.").

43. Factor seven weighs in my favor because my case is ongoing.

44. Since a majority of the factors in the multi-factor test weigh in my favor, particularly factor one pertaining to the excessive length of my detention, there is sufficient evidence to conclude that my detention is unreasonably prolonged.

45. Once the Court has found that detention is unreasonably prolonged, it moves to the second step of the two-step inquiry, which asks what specific due process rights should be afforded. *Hechavarria*, 2018 WL 5776421 at *7-9.

**Because My Detention Has Been Unreasonably Prolonged and I Am Being Deprived of a Liberty Interest, Due Process Demands My Release or, at Minimum, That I Receive a Constitutionally Adequate Bond Hearing**

46. Due process demands "adequate procedural protections" to ensure that the government's asserted justification for physical confinement "outweighs the 'individual's constitutionally protected interest in avoiding physical restraint.'" *Zadvydas*, 533 U.S. at 690 (quoting *Kansas v. Hendricks*, 521 U.S. 346, 356 (1997)).

47. In *Mathews v. Eldridge*, the Supreme Court provided a three-factor test to weigh the constitutionality of administrative procedures: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." 424 U.S. 319, 335 (1976). Each of the *Mathews* factors weighs heavily in favor of release or, at minimum, requiring a constitutionally

adequate bond hearing once detention under 8 U.S.C. § 1226(c) has become prolonged.

48. First, the importance and fundamental nature of an individual's liberty interest is wellestablished. *See Zadvydas*, 533 U.S. at 690 ("Freedom from imprisonment . . . lies at the heart of [] liberty . . . ."); *cf. Hechavarria*, 2018 WL 5776421 at *8 ("[T]his Court finds little difference between Hechavarria's detention and other instances where the government seeks the civil detention of an individual to effectuate a regulatory purpose.").

49. Here, the fundamental nature of freedom weighs in favor of my release. I completed my criminal sentence on , " **April 3, 2024** " and I have been detained by Respondent for over "**10 months**" without any meaningful judicial review.

50. Second, the risk that my freedom will be erroneously deprived is significant. Crucially, I have no opportunity to challenge my detention because the statute mandates detention regardless of whether I am a flight risk or danger to the community. *See Jennings*, 138 S. Ct. at 844 (discussing the use of "may [detain]" and "shall [detain]" in the context of 8 U.S.C. § 1226 and the requirement of detention when the statute uses "shall.").

51. Furthermore, any internal process at DHS to determine whether release is warranted is not subject to review or challenge. Thus, there is a significant risk of erroneous, unwarranted detention, and the deprivation of my liberty interests. *See e.g., Hechavarria*, 2018 WL 5776421, at *8 ("[G]iven that the statute precludes any pre- or post-deprivation procedure to challenge the government's assumption that an immigrant is a danger to the community or a flight risk, it presents a significant risk of erroneously depriving [Petitioner] of life and liberty interests."); *see also Chi Thon Ngo*,

11

192 F.3d 390, 398-99 (3d Cir. 1999) ("To presume dangerousness to the community and risk of flight based solely on his past record does not satisfy due process. . . . [P]resenting danger to the community at one point by committing crime does not place [a petitioner] forever beyond redemption.").

52. Finally, the procedure I propose—namely, requiring that the DHS prove to this court or, in the alternative, an immigration judge, that my continued detention is justified—does not meaningfully prejudice the government's interest in detaining dangerous noncitizens during removal proceedings. Instead, it serves just that purpose. *See e.g.*, *Hechavarria*, 2018 WL 5776421 at *8 ("The government . . . contends that it has a regulatory interest in [petitioner's] detention pending removal based on his serious criminal history and risk of flight. This Court agrees that both of these interests may well be 'legitimate and compelling.' But those are the very interests that would be addressed at a detention hearing. So the government's continued assertion that [the petitioner] must be detained because he is dangerous simply begs the question and suggests exactly why a hearing is necessary.") (internal citations omitted).

53. As the Second Circuit articulated in *Velasco Lopez v. Decker*, once detention has become prolonged, it is in everyone's—the petitioner, the Government, and the public's—interest for the petitioner to receive a constitutionally adequate custody redetermination hearing. *See* 978 F.3d 842, 857 (2d Cir. 2020) ("The irony in this case is that, in the end, all interested parties prevailed. The Government has prevailed because it has no interest in the continued incarceration of an individual who it cannot show to be either a flight risk or a danger to his community. [The petitioner] has prevailed because he is no longer incarcerated. And the public's interest in seeing that individuals who need not be jailed are not incarcerated has been vindicated.").

54. In the immigration context, the only two valid justifications for detention are to mitigate the risks of danger to the community and to prevent flight. *See Demore*, 538 U.S. at 531 (Kennedy, J., concurring) ("[T]he justification for 8 U.S.C. § 1226(c) is based upon the government's concerns over the risk of flight and danger to the community").

55. Given the gravity of the liberty deprivation when the government detains individuals, due process requires that the government bear the burden of proof by clear and convincing evidence for detaining an individual, particularly after that detention has become prolonged. *Cf. Velasco Lopez v. Decker*, 978 F.3d 842, 856 (2d Cir. 2020). (stating, for an 8 U.S.C. § 1226(a) prolonged detention claim, "it is in improper to allocate the risk of error evenly between the individual and the Government when the potential injury is as significant as the individual's liberty. Accordingly, we conclude that a clear and convincing evidence standard of proof provides the appropriate level of procedural protection.").

56. Consistent with these principles, the WDNY has found that, where a particular detained person's mandatory detention becomes unreasonably prolonged, due process requires the government to show, by clear and convincing evidence, that continued detention is necessary because that detained person is a flight risk or is dangerous. *Jules v. Garland*, No. 21-CV-6342 CJS, 2021 WL 4973081, at *7 (W.D.N.Y. Oct. 26, 2021); *see also Campbell v. Barr*, 387 F. Supp. 3d 286, 300 (W.D.N.Y. 2019) ("To sustain the prolonged detention of [a noncitizen] subject to removal proceedings based on its general interests in immigration detention, the government is required, in a full-blown adversary hearing, to convince a neutral decisionmaker by clear and convincing evidence that no conditions of release can reasonably assure the safety of the community or any person, or ensure that the [noncitizen] will appear for any

13

future proceeding. This requires consideration of less restrictive alternatives to detention.") (internal citations and quotation marks omitted); *Ranchinskiy*, 422 F. Supp. 3d at 800 ("[B]oth due process and BIA precedent require the IJ to consider ability to pay and alternative conditions of release in setting bond.").

## CLAIM FOR RELIEF

### COUNT ONE:
### *MY ONGOING DETENTION VIOLATES THE DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT*

57. I reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

58. Detained people who have been mandatorily detained in immigration detention for an unreasonably prolonged period must be released absent clear and convincing evidence that the detained person is dangerous or a flight risk, and that no conditions of release can reasonably mitigate that danger or flight risk.

59. For these reasons, my continued detention without, at minimum, a constitutionally adequate hearing violates due process.

## PRAYER FOR RELIEF

WHEREFORE, I respectfully pray that this Court:

1. Assume jurisdiction over this matter;

2. Grant a Writ of Habeas Corpus directing the Respondent to release me from further unlawful detention;

3. Enter preliminary and permanent injunctive relief enjoining Respondent from unlawfully detaining me any further;

4. In the alternative, issue a conditional writ of habeas corpus requiring

Respondent to provide me with an individualized bond hearing before a neutral arbiter at which Respondent must bear the burden of establishing by clear and convincing evidence that my at which Respondent continued detention is justified;

**5**. Order that in considering my detention, the Court should require respondents must consider alternatives to detention and my ability to pay when setting a monetary bond;

**6**. Grant such further relief as the Court deems just and proper.I affirm, under penalty of perjury, that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct.

Respectfully submitted,

*PDASilya Luciano*
Pereire Da Silva Luciano
A-214-543-659
Buffalo Federal Detention Facility
4250 Federal Drive
Batavia, New York 14020

DATED:     February 13,  2025
           Batavia, New York

# AFFIDAVIT OF SERVICE

SATE of New York  )
Caunty of Geneses )SS;

I,Pereire Da Silva Luciano, A-214-543-659 First being duly sworn,deposes and say that on the

February 13, 2025. I did in fact give the designated copies of the Attached: **PETITION FOR**

**WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241:** to an officer at Buffalo

Federal Detention Facility to Be duly carried to the following parties:

**Original And Copy**
Clerk  of Court
Mary  C.  Loewenguth
100- State  Street
Rochester  NY   14614

Aaron A. Stahl
Notary Public, State of New York
Reg. No. 01ST0013537
Qualified in Orleans County
Commission Expires September 14, 2027

*Respectfully Submitted*

P.DA S.dva LuciANO
Pereire Da Silva Luciano
A-214-543-659
B.F. D. F  4250-Federal Drive
Batavia,New York   14020

Sworn to before Me this 13

Day of Feb, 2025
Aaron A. Stahl
Notary          Public

## **Certificate of Service**

**ORIGINAL AND COPY**

Clerk of Court
Mary C. Loewenguth
100- State Street
Rochester NY 14614

I,Pereire Da Silva Luciano                    A-214-543-659

ereby certify that i served a copy of the attached documents on the Immigration Court and the Office of chief Counsel at the above Addresses by:

_x_detention facility Mail

___Regular Mail

*PDLSilva Lociano*
Detainee Signature                    Dated: February 13, 2025

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

*Pereier Da Silva Luciano*

## DEFENDANTS

*Holder et al*

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☒ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
_____

Brief description of cause:
_____

## VII. REQUESTED IN COMPLAINT:

- ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

$2.04 0
US POSTAGE IMI
FIRST-CLASS
0658001439302
FROM 14020

$0.69 0
US POSTAGE IMI
FIRST-CLASS
0658001439307
FROM 14020

BUFFALO NY 142
FRI 14 FEB 2025   PM

FEB 18 2025

Buffalo Federal Detention

P. Luciano DA Silva
214-543-659
Buffalo Federal Detetion
Facility
4250 Federal Drive, Batavia.
New York 14020

Clek of Court
Mary C. Loewenguth
100-State Street
Rochester NY 14614

Legall MAIL.