UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PEREIRA DA SILVA LUCIANO,

                    Petitioner,

      v.

PAMELA BONDI, Attorney General of the
United States, *et al.*,

                    Respondents.
_____

**ORDER**

6:25-CV-06106 EAW

       Petitioner brought this petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Dkt. 1). Respondents filed a letter acknowledging that the facts and law set forth in *Black v. Decker*, 103 F.4th 133 (2d Cir. 2024), would likely lead this Court to order that Petitioner receive a bond hearing before an Immigration Judge ("IJ"). (Dkt. 11). Based on these filings and the Second Circuit's decision in *Black v. Decker*, it is hereby ordered that:

       1.     Petitioner be granted a bond hearing before an IJ within 21 days of this Order. If Petitioner requests a continuance that results in a bond hearing date outside the 21-day deadline set forth above, such a continuance will comply with this Order as long as the new date falls within a reasonable time period.

       2.     At this bond hearing, the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence. In deciding whether the government has met its burden of proof, the IJ must consider whether less-restrictive alternatives to detention can reasonably address the government's interest in Petitioner's

continued detention. *See Cantor v. Freden*, ___ F. Supp. 3d ___, 2025 WL 39789, at *7 (W.D.N.Y. Jan. 7, 2025) ("[T]he IJ cannot decide whether the noncitizen poses a danger—until the IJ considers conditions that might ameliorate the danger. That is simply common sense.").

3. If the IJ finds that the government has not met its burden, then in setting any bond the IJ must consider Petitioner's ability to pay and alternative conditions of release. *See Black*, 103 F.4th at 158-59 ("[A] bond amount [is] . . . at issue only once the IJ has determined that the noncitizen does not pose a danger to the community. . . . At that point, refusing to consider ability to pay and alternative means of assuring appearance creates a serious risk that the noncitizen will erroneously be deprived of the right to liberty purely for financial reasons. . . . [A] showing of dangerousness by clear and convincing evidence would foreclose any possibility of bond. The IJ would then have no reason to consider financial circumstances or alternatives to detention.").

4. Thus, in order to continue Petitioner's detention after any bond hearing, the IJ must find by clear and convincing evidence and make findings "that no condition or combination of conditions of release" can reasonably ensure Petitioner's appearance and the safety of the community—"that is, even with conditions, [Petitioner] presents an identified and articulable risk of flight or a threat to another person or the community." *Cantor*, 2025 WL 39789, at *9.

5. Respondents are directed to file a status update with the Court within seven (7) days of the date of a decision concerning Petitioner's bond hearing, regardless of the outcome of the hearing.

- 3 -

6. The Clerk of Court is directed to enter judgment in favor of Petitioner and close the case.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: April 18, 2025
Rochester, New York